IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BRIAN EDMUND STACK,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>KAISER FOUNDATION HEALTH PLAN, INC., *et al.*,<br><br>　　　　Defendants. | Case No. 21-cv-00430-DKW-RT<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH PARTIAL LEAVE TO AMEND** |

　　　　Plaintiff Brian Edmund Stack (Stack or Plaintiff), proceeding pro se, brings claims concerning the denial of Medicare Advantage plan benefits, as well as those based on purported violations of federal criminal law.  In separate motions to dismiss, Defendants move for dismissal of the Complaint, principally asserting that Plaintiff's claims have not been administratively exhausted, as required under the Medicare Act.  Based upon the allegations in the Complaint and the documents attached thereto, the Court agrees that Plaintiff has not fully exhausted his claims, even though he has been waiting for over a year for a decision at the final stage of the administrative process.  Nonetheless, because Plaintiff is proceeding pro se, as further explained and limited below, the Court allows partial leave to amend.  The Court also agrees that Plaintiff cannot bring claims under federal criminal law and, thus, those claims are dismissed without leave to amend.

## RELEVANT FACTUAL BACKGROUND

Stack is an enrollee in Kaiser Permanente Senior Advantage (the Plan), a health maintenance organization-managed benefits plan. Dkt. No. 1-5 at 5.[1] Stack has been diagnosed with "lumbosacral radiculopathy/disc degeneration and L4-5 stenosis." *Id*. at 9. Related to these conditions, the Plan approved "bilateral L4-5 hemi-laminectomies[,]" but Stack declined this offer. *See id*. Instead, Stack proposed "endoscopic surgery…," which he viewed as less invasive and therefore a superior alternative. *Id*.

On November 26, 2019, Defendant Kaiser Foundation Health Plan, Inc. (Kaiser) denied Stack's requests for "endoscopic surgery rather than a laminectomy" and for an external referral to "Queens or Straub Medical Center." Dkt. No. 1-2 at 1. Kaiser's denial explained that endoscopic surgery was "not within standard guidelines" for Stack's "unique scenario" and a laminectomy would be "the most appropriate surgery to reduce the amount of muscle trauma that would occur." *Id*. The denial also explained that Stack had a right to appeal Kaiser's decision. *Id*. at 2.

At some point thereafter, Stack appealed Kaiser's decision because, on February 5, 2020, Kaiser acknowledged that it had received an appeal request from Stack and had determined that its initial decision to deny coverage was correct.

---

[1] In citing to Dkt. No. 1-5, the Court cites the page numbers assigned by CM/ECF in the top right corner of the document, i.e., "Page 5 of 13."

Dkt. No. 1-3.  In doing so, Kaiser also informed Stack that it would automatically send his case to Maximus Federal Services, Inc. (Maximus) for an independent review of Kaiser's decision.  *Id*.

On March 4, 2020, Maximus agreed with Kaiser that it need not refer Stack to Queens or Straub Medical Center for endoscopic spinal surgery.  Dkt. No. 1-4 at 1.  Maximus explained that endoscopic spinal surgery was "experimental[,]" and an "open procedure" could be "safely done in plan and is [the] most appropriate standard of care option."  *Id*. at 2.  Maximus also explained that, should Stack disagree with its decision, he "may have rights to review by the Office of Medicare Hearings & Appeals (OMHA)."  *Id*. at 1.

Thereafter, Stack filed a "timely" request for review before the OMHA.  Dkt. No. 1-5 at 5.  On June 4, 2020, an Administrative Law Judge (ALJ) of the OMHA issued an "unfavorable" decision to Stack.  *Id*.  The ALJ explained that there was no evidence that the procedure Stack sought was covered under Medicare Parts A and B and, thus, the Plan was not required to pre-approve the same.  *Id*. at 10.  In correspondence from OMHA, Stack was informed that, if he disagreed with the ALJ's decision, he could file an appeal with the Medicare Appeals Council (MAC) within 60 days of receiving the OMHA's correspondence.  *Id*. at 1.

On July 29, 2020, Stack appealed the ALJ's decision to the MAC.  Dkt. No. 1-11 at 1.  On October 4, 2021, Stack submitted to the MAC a "Request for

Escalation to Federal Court[,]" stating that he had been waiting "one year" for a decision with respect to his case. Dkt. No. 1-16 at 1. According to the Complaint, Stack's medical appeals "are now beginning their third year." Dkt. No. 1 at 2. In other words, the record does not reflect that Stack's administrative appeals have concluded.

## PROCEDURAL BACKGROUND

Stack filed his Complaint on November 1, 2021 against Defendants Kaiser and the Department of Health and Human Services (HHS). Dkt. No. 1. Therein, he asserts twelve (12) numbered claims: (1) Kaiser and HHS violated Medicare protocols in not allowing Stack to undergo endoscopic spinal surgery or "percutaneous image-guided lumbar decompression for lumbar spinal stenosis within a clinical trial"; (2) Kaiser violated Medicare regulations by not providing coverage for services covered by Part A and Part B of Medicare; (3) Kaiser violated Medicare regulations in not following a national coverage determination for percutaneous image-guided lumbar decompression for lumbar spinal stenosis; (4) Kaiser violated its 2019 evidence of coverage by not providing coverage for services covered by Parts A and B of Medicare; (5) in various ways, Kaiser and HHS committed criminal fraud; (6) Kaiser and HHS violated various criminal laws in using the word "advantage" to describe certain Medicare plans; (7) Kaiser and HHS criminally conspired against Stack; (8) the "Stack Exclusion," which the Complaint

appears to contend is an exclusion that allows Medicare Advantage plans to exclude "certain aspects of clinical trials" from coverage, is "ambiguous"; (9) the Stack Exclusion violates due process; (10) Kaiser should be ordered to perform the surgery Stack seeks; (11) HHS should be ordered to allow Stack to leave the Plan; and (12) Stack has suffered "sleep deprivation", in part, due to Kaiser and HHS' failure to follow the law.

In January 2022, Kaiser and HHS each filed a motion to dismiss the Complaint. Dkt. Nos. 30, 33. After doing so, the motions to dismiss were set for hearing on March 4, 2022. Dkt. No. 34. On February 2, 2022, after receiving correspondence from the parties, the Court entered a revised hearing and briefing schedule on the motions to dismiss. Dkt. No. 36. In particular, Stack's responses were due on or before February 25, 2022. *Id*. Stack did not (and has still not) filed a response to either of the motions to dismiss. On March 4, 2022, Kaiser filed a reply in support of its motion to dismiss, Dkt. No. 38, and the Court subsequently vacated the hearing on the motions, Dkt. No. 39.

This Order now follows.

## STANDARD OF REVIEW

I. **Federal Rule of Civil Procedure 12(b)(1)**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a claim for lack of subject matter jurisdiction. When a defendant does so,

"the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Kingman Reef Atoll Investments, LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008) (quotation omitted). A Rule 12(b)(1) motion can consist of a facial or factual attack on jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*.

Here, both Kaiser and HHS raise facial attacks. Dkt. No. 30-1 at 13; Dkt. No. 33-1 at 3-4.

II. **Federal Rule of Civil Procedure 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A court may consider certain documents attached to a complaint, as well as documents incorporated by reference in the complaint or matters of judicial notice, without converting a Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908–09 (9th Cir. 2003).

### III. <u>Pro Se Status</u>

Because Stack is proceeding pro se, the Court liberally construes his filings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). With that in mind, "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). A court may, however, deny leave to amend due to undue delay, failure to cure deficiencies by amendments previously allowed, or where further amendment would be futile. *E.g.*, *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

## RELEVANT EXHAUSTION PRINCIPLES

When a claim "arises under" Medicare, 42 U.S.C. Section 405(h) eliminates federal question jurisdiction until a plaintiff first exhausts appropriate administrative channels. *Sensory Neurostimulation, Inc. v. Azar*, 977 F.3d 969, 975 (9th Cir. 2020). "The Supreme Court has identified two circumstances in which a claim 'arises under' the Medicare Act: (1) where the standing and the substantive basis for

the presentation of the claims is the Medicare Act; and (2) where the claims are inextricably intertwined with a claim for Medicare benefits." *Do Sung Uhm v. Humana, Inc.*, 620 F.3d 1134, 1141 (9th Cir. 2010) (quotations and citations omitted). In addition, a further category of claims that the Ninth Circuit has found to "arise under" the Medicare Act "are those cases that are cleverly concealed claims for benefits." *Id.* (quotations and alteration omitted).

An exception exists to the administrative channeling requirement when application of the same "would mean no review at all." *Sensory Neurostimulation*, 977 F.3d at 975. In making this assessment, "the question is whether, as applied generally to those covered by a particular statutory provision, hardship likely found in many cases turns what appears to be simply a channeling requirement into *complete* preclusion of judicial review." *Id.* at 976 (quotation omitted, emphasis in original).

Therefore, determining whether a court has subject matter jurisdiction to hear a claim concerning Medicare "requires a three-step process": (1) deciding whether a claim "arises under" Medicare; (2) if so, deciding whether the plaintiff has properly exhausted the appropriate administrative channels; and (3) if not, deciding whether the administrative channeling requirement would result in "no review at all." *Id.*

## **DISCUSSION**

For the reasons explained more fully below, Plaintiff's claims fail for two principal reasons. First, the vast majority of the claims, as alleged, "arise under" the Medicare Act and have not been fully administratively exhausted. Second, even if Plaintiff's claims concerning federal criminal law violations could be construed as not arising under Medicare, he has failed to state any claim with respect to the same because he is not entitled to pursue a claim under federal criminal law. Because Plaintiff is proceeding pro se, however, the Court will allow leave to amend to the extent set forth below.

The Court begins with the final two parts of the three-step process identified above. The record clearly reflects that neither part has been established here. First, although, in the Complaint, Plaintiff alleges that his "Medicare Appeals are over[,]" Dkt. No. 1 at 7, the documents attached to the Complaint show no such thing. Instead, those documents show, as Kaiser and HHS contend, that Plaintiff is currently stuck--albeit with no explanation offered for *why* by either Kaiser or HHS--at the final step of the administrative process, *i.e.*, the final step before he can seek judicial review. See Dkt. No. 1-11 at 1; Dkt. No. 1-16 at 1. Put simply, Plaintiff has failed to show that he completed the administrative process, despite his burden to do so. See *Sensory Neurostimulation*, 977 F.3d at 976; *Kingman Reef*, 541 F.3d at 1197. Second, Plaintiff makes no allegation that he would have "no

review at all" for his claims if compelled to complete the administrative process. MAC review has unquestionably been slow, but this Court cannot conclude on the current record that its pace is tantamount to an impassable roadblock. As both Kaiser and HHS assert, judicial review will be available to Plaintiff for his claims arising under the Medicare Act. *See* Dkt. No. 30-1 at 14-15; Dkt. No. 33-1 at 7. He must, however, patiently wait for that moment.

This leaves the principal question, at least for the majority of Plaintiff's claims, which is whether they "arise under" the Medicare Act. The Court finds that they do and begins by grouping the claims into four groups. Plaintiff's first four claims all challenge, in various guises, Kaiser's decision not to approve the endoscopic surgery he sought. More specifically, in those claims, Stack contends that various Medicare "protocols" or regulations have been violated or that Kaiser has violated its Evidence of Coverage by failing to provide all services covered by Medicare Parts A and B. *See* Dkt. No. 1 at 2-4. Those claims undoubtedly have the Medicare Act as "the substantive basis" for their presentation. *See Uhm*, 620 F.3d at 1141; *see also Sensory Neurostimulation*, 977 F.3d at 975 ("Of course, [the] channeling requirement applies in a typical Social Security or Medicare benefits case, where an individual seeks monetary benefit from the agency…, the agency denies the benefit, and the individual challenges the lawfulness of that denial."). Therefore, claims 1-4 must be dismissed for failure to exhaust.

Plaintiff's fifth, sixth, and seventh claims all, purportedly, rely upon federal criminal laws. In other words, Plaintiff asks that the Court find Kaiser and HHS "guilty" of criminal conduct and/or in violation of federal criminal law. *See* Dkt. No. 1 at 6. As HHS asserts, however, Stack cannot bring a claim under federal criminal law. *See* Dkt. No. 33-1 at 8; *Li Qin v. Brown*, 2019 WL 11343485, at *5 (N.D. Cal. Feb. 7, 2019) (finding that alleged violations of a federal criminal fraud statute, among other federal criminal laws, "provides no basis for a private right of action."). Therefore, as alleged, claims 5-7 fail to state a claim.

Claims 8-9 of the Complaint concern what Plaintiff describes as the "Stack Exclusion." As an initial matter, these claims are unclear. Without any meaningful explanation or factual allegations, Plaintiff asserts, respectively, that the Stack Exclusion is "ambiguous" and violates due process. Dkt. No. 1 at 8-9. It is unclear why this is so, however, given that Plaintiff seems to comprehend the Stack Exclusion and its import (*id*. at 6-7), belying his "ambiguous" assertion, and does not describe any process due to him of which he has been deprived. In any event, liberally construing the Complaint, Plaintiff appears to believe that the Stack Exclusion is another means by which Kaiser may try to deny him (or "[e]xclu[de]" him from) the endoscopic surgery he seeks. In such a light, these claims would "arise under" Medicare because they would be inextricably intertwined with a claim for Medicare benefits−Stack's claim for endoscopic surgery. *See Uhm*, 620 F.3d at

1141-42 (explaining that constitutional claims can arise under the Medicare Act when they are "inextricably intertwined" with the same). Therefore, as alleged, claims 8-9 must be dismissed for failure to exhaust.

This leaves claims 10-12 of the Complaint. These claims too "arise under" the Medicare Act. In claim 10, Plaintiff seeks an order directing Kaiser to perform the endoscopic surgery he seeks. In claim 11, Plaintiff cites the Medicare Act as support for allowing him to leave Kaiser's Plan as a result of not getting the surgery he seeks. Finally, in claim 12, while Stack alleges that he has suffered "sleep deprivation[,]" he contends this is due to Kaiser and HHS' failure to "follow[] the law[,]" and the only relevant law cited in the Complaint is the Medicare Act. In this light, all of these claims have as their substantive basis the Medicare Act and, thus, must be dismissed for failure to exhaust.

In summary, all of Plaintiff's claims must be dismissed either because there is a lack of subject matter jurisdiction due to a failure to exhaust administrative remedies under the Medicare Act (claims 1-4, 8-12), or because Plaintiff has failed to state a claim (claims 5-7). Because Stack is proceeding pro se, however, the Court will allow him another opportunity to allege claims that do not suffer from either a lack of subject matter jurisdiction or the failure to state a claim. Notably, although the Court has found a lack of administrative exhaustion with respect to the majority of claims as alleged in the Complaint, it is not impossible that Stack could

amend the Complaint so as to raise an actionable claim. *See Uhm*, 620 F.3d at 1143-45 (concluding that claims under a "consumer protection act" and for fraud did not "arise under" the Medicare Act and, thus, were not subject to exhaustion requirements). Should Stack choose to file an amended complaint, though, he may <u>not</u> assert any claim under a federal criminal law.

In addition, should Stack file an amended complaint, at a minimum, he must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the legal right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s); (4) exactly what each defendant did or failed to do; (5) how the action or inaction of a defendant is connected to the violation of his right(s); (6) what specific injury he suffered because of a defendant's conduct; and (7) what relief he seeks. In addition, Stack may not incorporate any part of the Complaint (Dkt. No. 1) should he file an amended complaint. Rather, all allegations must be typed or written anew.

## CONCLUSION

To the extent set forth herein, the motions to dismiss, Dkt. Nos. 30 & 33, are GRANTED, with partial leave to amend.

Stack may have until **April 11, 2022** to file an amended complaint. **The Court cautions Stack that failure to file an amended complaint by April 11,**

**2022 in conformance with the guidance provided herein may result in the automatic dismissal of this action.**

The Clerk is directed to mail Stack a copy of form "Pro Se 1" "Complaint for a Civil Case."

IT IS SO ORDERED.

DATED: March 21, 2022 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

*Brian Edmund Stack vs. Kaiser Foundation Health Plan, Inc., et al*;
Civil No. 21-00430-DKW-RT; **ORDER GRANTING MOTIONS TO DISMISS WITH PARTIAL LEAVE TO AMEND**